# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CIRILO CAMPOS-IBARRA, <br><br> Defendant. | CASE NO. 13cr2301-MMA <br><br> *Related Case No. 14cv265-MMA* <br><br> **ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255** <br><br> [Doc. No. 31] |

On July 9, 2013, Defendant Cirilo Campos-Ibarra pleaded guilty to one count of importing methamphetamine, in violation of Title 21 of the United States Code, sections 952 and 960. *See* Doc. No. 16. The Court sentenced Defendant on November 22, 2013, to 37 months imprisonment, 3 years of supervised release, and a $100 special assessment. *See Judgment*, Doc. No. 30. Defendant now moves the Court for a reduction of his time in federal custody pursuant to Title 28, section 2255, arguing that (1) his imprisonment time is harsher as a non-citizen in violation of his constitutional rights; (2) a 1995 United States Attorney General Memorandum allows a downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation; and, (3) the Court failed to consider all relevant sentencing factors, as required by Title 18, section 3553(a). *See* Doc. No. 31. For the reasons set forth below, the Court summarily **DISMISSES** the motion.

## DISCUSSION

Title 28 of the United States Code, section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding section 2255 proceedings similarly state that the court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . .". RULE 4(A), RULES-SECTION 2255 PROCEEDINGS (West 2009).[1] Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

As an initial matter, Defendant waived his right to appeal or to collaterally attack his conviction and sentence unless the Court denied Defendant's request for a minor role reduction pursuant and imposed a custodial sentence above the greater of the high end of the guideline range applicable to Adjusted Offense Level 25 at Defendant's Criminal History Category as determined by the Court at the time of sentencing, or the statutory mandatory minimum term, if applicable. *See Plea Agreement*, at 11. This waiver provision is enforceable to bar Defendant from seeking collateral relief because the Court granted Defendant's request for a minor role reduction and sentenced Defendant below the applicable guideline range. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979

---

[1] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a petitioner must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed herein, Defendant has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

(1993). Defendant does not challenge the voluntariness of his waiver. Therefore, the instant motion is barred and subject to summary dismissal on this basis.

In any event, Defendant's motion is plainly without merit. Defendant argues that, as a result of his deportable alien status, he has been unable to participate in programs that would entitle him to early release in violation of the Equal Protection Clause of the Fourteenth Amendment. The Ninth Circuit Court of Appeals rejected this argument in *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999). There, the court held, "excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." *Id.* at 1176.

Additionally, Defendant's argument that the Court should have departed downward because he is a deportable alien is without merit. *See United States of America v. Martinez–Ramos*, 184 F.3d 1055, 1056 (9th Cir.1999). Specifically, the Ninth Circuit has held that the threat of deportation is generally not a factor appropriately considered for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990) (holding that a sentencing judge does not have the discretion to grant a downward departure solely on the basis of immigration consequences).

Finally, Defendant contends that the Court failed to consider all relevant sentencing factors pursuant to Title 18, section 3553(a), in violation of the Supreme Court's holdings in *Gall v. United States*, 552 U.S. 38, 40 (2007), and *Rita v. United States*, 551 U.S. 338 (2007). As the court explained in *Gall*, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." 552 U.S. at 49-50. The record reflects that after the Court calculated the applicable guideline range, it considered

the 3553(a) factors and made the required "individualized assessment based on the facts presented." *Id*.  Defendant's contention to the contrary is unsupported by the record and without merit.

### CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Defendant's motion.

**IT IS SO ORDERED**.

DATED:  February 10, 2014

Hon. Michael M. Anello
United States District Judge